Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Joseph Kubicek**
Debtor(s)

Bankruptcy Case No.: 18–21222–JAD
Issued per 5/21/2020 Proceeding
Chapter: 13
Docket No.: 122 – 92, 109, 118
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.)  PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated 5/11/2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: PA. Department of Revenue [Claim #1]; IRS [Claim #2–2] .

☑ H. Additional Terms: Allegheny County (in plan, no proof of claim filed) to be treated as having been paid, all moneys previously sent by Trustee were returned.

Gateway School District and Monroeville EIT will be treated as having been paid in full with payments made and retained to date.

Cenlar PPFN at $1400 and $500 are to be treated as having been incorporated into the loan modification. If this is not correct, Debtors counsel shall file a consent order to that effect within

60 days.

*(2.)*   **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:**

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: May 27, 2020

Jeffery A. Deller
United States Bankruptcy Judge

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 18-21222-JAD
Joseph Kubicek                                                        Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2        User: skoz              Page 1 of 2              Date Rcvd: May 27, 2020
                            Form ID: 149            Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 29, 2020.
```
db            +Joseph Kubicek,    212 Gotham Lane,    Monroeville, PA 15146-4716
14860567      +CENLAR FSB,    BK Department, 425 PHILLIPS BLVD.,    EWING NJ 08618-1430
14801616       Cenlar FSB,    425 Phillips Blvd.,    Ewing, NJ 08618-1430
14815787      +John Weinstein,    Allegheny County Treasurer,    Room 108 Courthouse,    436 Grant Street,
                Pittsburgh, PA 15219-2497
14815788      +Monroeville/Gateway School Distrcit,    2700 Monroeville Boulevard,    Monroeville, PA 15146-2359
14815789       PA Department of Revenue,    Bureau of Individual Taxes,    PO Box 28121,
                Harrisburg, PA 17128-1210
14801618       Phelan Hallinan Diamond & Jones LLP,    1617 JFK Boulevard, Suite 1400,    One Penn Center Plaza,
                Philadelphia, PA 19103
14815793      +S&T Bank,    PO Box 190,    Indiana, PA 15701-0190
14850217       UPMC Health Services,    PO Box 1123,    Minneapolis, MN 55440-1123
14815795      +UPMC Services,    2 Hot Metal Street,    Pittsburgh, PA 15203-2348
14815794      +United Concordia,    PO Box 827399,    Philadelphia, PA 19182-7399
14815796      +Xfinity Communications,    PO Box 21129,    Saint Paul, MN 55121-0129

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14815785      +E-mail/Text: kburkley@bernsteinlaw.com May 28 2020 04:33:52     Duquesne Light Company,
                411 Seventh Avenue,    Pittsburgh, PA 15219-1942
14855158      +E-mail/Text: kburkley@bernsteinlaw.com May 28 2020 04:33:51     Duquesne Light Company,
                c/o Bernstein-Burkley, P.C.,    707 Grant St., Suite 2200, Gulf Tower,
                Pittsburgh, PA 15219-1945
14801617       E-mail/Text: sbse.cio.bnc.mail@irs.gov May 28 2020 04:32:24     Internal Revenue Service,
                PO Box 7346,    Philadelphia, PA 19101-7346
14857929       E-mail/Text: blegal@phfa.org May 28 2020 04:33:17     PHFA/HEMAP,    211 NORTH FRONT ST,
                PO BOX 8029,    HARRISBURG, PA 17105
14801619      +E-mail/Text: blegal@phfa.org May 28 2020 04:33:17     PHFA,    211 North Front Street,
                Harrisburg, PA 17101-1466
14815792      +E-mail/Text: bankruptcy_notifications@ccsusa.com May 28 2020 04:34:02     PNC Bank,
                725 Canton Street,    Norwood, MA 02062-2679
14819143       E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 28 2020 04:32:55
                Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, Pa.   17128-0946
                                                                                              TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              CENLAR FSB
cr              Cenlar FSB
cr              PA Dept of Revenue
cr*            +Duquesne Light Company,    c/o Bernstein-Burkley, P.C.,
                707 Grant Street, Suite 2200, Gulf Tower,    Pittsburgh, PA 15219-1945
14815784*       Cenlar FSB,    425 Phillips Blvd.,    Ewing, NJ 08618-1430
14815786*       Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
14815791*      +PHFA,    211 North Front Street,    Harrisburg, PA 17101-1466
14815790*       Phelan Hallinan Diamond & Jones LLP,    1617 JFK Boulevard, Suite 1400,    One Penn Center Plaza,
                Philadelphia, PA 19103
                                                                                TOTALS: 3, * 5, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 29, 2020                                   Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0315-2                   User: skoz                    Page 2 of 2                   Date Rcvd: May 27, 2020
                                       Form ID: 149                  Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 27, 2020 at the address(es) listed below:
```
              Andrew L. Spivack    on behalf of Creditor    Cenlar FSB pawb@fedphe.com
              James  Warmbrodt     on behalf of Creditor    Cenlar FSB bkgroup@kmllawgroup.com
              Jerome B. Blank     on behalf of Creditor    Cenlar FSB pawb@fedphe.com
              Jerome B. Blank     on behalf of Creditor    CENLAR FSB pawb@fedphe.com
              Joseph Jasper Swartz    on behalf of Creditor    PA Dept of Revenue RA-occbankruptcy2@state.pa.us,
               RA-occbankruptcy6@state.pa.us
              Kenneth M. Steinberg    on behalf of Debtor Joseph  Kubicek julie.steidl@steidl-steinberg.com,
               kenny.steinberg@steidl-steinberg.com;cgoga@steidl-steinberg.com;jbarlow@steidl-steinberg.com;lesl
               ie.nebel@steidl-steinberg.com;r53037@notify.bestcase.com;rlager@steidl-steinberg.com;kmeyers@stei
               dl-steinberg.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Mario J. Hanyon    on behalf of Creditor    Cenlar FSB pawb@fedphe.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Robert  Davidow    on behalf of Creditor    Cenlar FSB robert.davidow@phelanhallinan.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Thomas  Song    on behalf of Creditor    Cenlar FSB pawb@fedphe.com
              Thomas  Song    on behalf of Creditor    CENLAR FSB pawb@fedphe.com
                                                                                             TOTAL: 13
```